McINTOSH et al. v. CUTSHALL et al. NO. 2.—113 S. W. (2d), 88.

Eastern Section. October 30, 1937.

Petition for Certiorari denied by Supreme Court, February 12, 1938.

Leon Easterly, of Greenville, for appellants.

Kilgo & Armstrong and Swingle & Hardin, all of Greenville, for appellees.

AILOR, J.  This is a suit to determine the grantees and the estate or interest conveyed to such grantees under a deed dated January 1, 1917, and executed by Jack Shelton as grantor.  The deed is sent up to this court in its original form, and the name of U. C. Cutshall alone appears therein as grantee, though it is insisted that, at the time it was executed and delivered, it contained the name of Pritchard Cutshall as a cograntee.  There seems to be little dispute that the deed did contain the name of Pritchard Cutshall as a grantee along with U. C. Cutshall.  The question before the chancery court and now before this court is whether Pritchard Cutshall acquired any interest in the land by virtue of the execution and delivery of the deed.  The chancellor held that he took no interest in the land, dismissed the bill filed on behalf of his children and heirs at law, and taxed their next friend with one-half of the costs of the cause.  Exceptions were preserved to the actions of the chancellor aforesaid, an appeal was prosecuted to this court, and errors have been assigned herein.

There is much uncertainty surrounding the execution, delivery, and custody of the deed in question.  It is certain, however, that Henry Cutshall and wife, Mary Cutshall, and their son, U. C. Cutshall, and the grantor were present.  And we think it equally certain that an experienced draftsman prepared at least a portion of the deed, which was written on a printed form commonly used, and partly filled in by an experienced typist.  We think it equally certain that certain portions of the deed were left blank to be filled in at a date after it was originally prepared, especially all parts of the deed with reference to the grantee or grantees, as the case might be.  These blank spaces were filled in by pen and ink, indicating that the deed was not completed by the original draftsman.

The chancellor found that the deed as originally executed named U. C. Cutshall and Pritchard Cutshall as grantees, for a recited consideration of the payment of $400 in cash and the execution of notes in the amount of $2,154 by U. C. Cutshall.  The deed was delivered to U. C. Cutshall, who in turn handed it over to his mother, Mary Cutshall, who retained custody of it until her death.  He further found that Pritchard Cutshall did not participate in any way in the transaction, and that U. C. Cutshall removed the deed from a trunk at his father's home, erased the name of Pritchard Cutshall therefrom, and had it placed of record with his name as the sole grantee, though he does not claim as sole owner of the land.

Pritchard Cutshall was living in North Carolina at the time the deed was made, but he later returned to Tennessee and moved with his family to Cocke county, where he died in 1922, without ever

having set up any claim to any interest in the land involved in this suit. After the death of Pritchard Cutshall, his widow, Ethel Shelton Cutshall, intermarried with G. W. McIntosh, next friend of complainants in this suit. No claim to any interest in the land was ever advanced by Ethel Shelton Cutshall during her lifetime, but seven days after her death, the original bill in this suit was filed.

██ ██ Up to this point there is no substantial dispute as to the facts in the controversy, and we concur with the chancellor in his findings. The real controversy arises over the conclusions to be drawn from these facts, and subsequent happenings explanatory of the admitted facts. It is the insistence of complainants that the name of Pritchard Cutshall was named as a grantee in the deed, and that title to a one-half interest in the land became vested by the delivery of the deed, and that he was never divested of this interest, or in the alternative that Pritchard Cutshall and U. C. Cutshall took the property as trustees for their father, Henry Cutshall.

Pritchard Cutshall was repeatedly requested to pay a part of the purchase price of the land. And it is mildly insisted that he did make a contribution to the purchase price by way of money sent to his mother and by her applied to the purchase price, but the chancellor found that all moneys sent by Pritchard Cutshall to his mother were by her repaid to him, and we think this finding is amply supported by the evidence, and we think it necessary to conclude that, whatever might have been the intention of the parties at the time the land was purchased, Pritchard Cutshall never paid any part of the purchase price of the land; that he refused to participate in the purchase of the land; and refused to accept any interest in same.

We think it clear from the proof in the record that the original intention of Henry Cutshall and wife, Mary Cutshall, and U. C. Cutshall was that the title to the land would be taken in the name of Pritchard Cutshall and U. C. Cutshall, and that the land would be held as a home for the family, possibly to be later divided between U. C. Cutshall and Prichard Cutshall. However, when Pritchard Cutshall was apprised of the purchase of the land and requested to participate therein and pay a portion of the purchase price, he pointedly refused to so participate, and we think effectively rejected the delivery of the deed so far as he was concerned. U. C. Cutshall executed all of the deferred purchase-money notes, and these were paid by him and his father, Henry Cutshall, with the exception of the last note for $354, which was paid by U. C. Cutshall. When Pritchard Cutshall had refused to pay any part of the purchase price, or have any part in the transaction, Henry Cutshall and U. C. Cutshall entered into a parol partition of the land, established a dividing line, and went into possession of their respective shares. All of this was made known to Pritchard Cutshall, and he took no steps during his

lifetime to question the propriety of such arrangement. There is no proof in the record to the effect that he ever made any question about the arrangement between his father and U. C. Cutshall. And while we agree with the chancellor in concluding that U. C. Cutshall's acts in taking the matter in his own hand and removing the name of Pritchard Cutshall from the deed was reprehensible, we think that he was not actuated by any ulterior motives, but acted honestly in the light of his understanding to reach the ends of justice. And while we do not approve of his method of taking the question of reforming the deed into his own hands, we think that he was sufficiently penalized by the action of the chancellor in taxing him with one-half of the costs of the cause. It is true that the execution and delivery of a deed ordinarily will be followed by a presumption of acceptance on the part of the grantee, but no such presumption can arise in this case in favor of Pritchard Cutshall or his heirs at law, for the reason that it is proven without serious controversy that he refused to accept the deed; and in no event could his heirs have any interest in the land.

U. C. Cutshall admits that he took title to one-half of the land as trustee for his father, and he further admits that he and his father partitioned the land between themselves soon after the deed was made; that they went into possession of their separate portions thereof, and have remained in possession thereof, in such open and notorious manner since that time as to constitute notice of a claim to ownership to all of the world. And while the record title is somewhat confused, we think the decree of the chancellor reached the merits of the case in decreeing ownership of the land to be in U. C. Cutshall and the heirs of Henry Cutshall by giving effect to the parol partition thereof entered into between said U. C. Cutshall and Henry Cutshall.

We also agree with the chancellor that G. W. McIntosh was the real complainant in this cause, and that he should have been charged with some of the costs of the cause in the court below. He will pay all of the costs of this appeal.

In discussing this case in this opinion we have not felt inclined to enter into a statement of the pleadings. To do so would only tend to confuse the issues, since the great mass of pleadings is out of all proportion to the issues involved. Neither have we followed separate assignment of errors, for the reason that many of them deal with preliminary questions of procedure which have no reasonable relation to the final termination of the suit. The only real question at issue in this lawsuit is whether or not Pritchard Cutshall took any beneficial interest in the lands involved. We find that he did not take any such beneficial interest in the land, that complainants have no interest in same as heirs of Pritchard Cutshall, but must look to such interest as they may have as grandchildren of Henry Cutshall to participate in his portion of the land. All errors assigned will be overruled, and

the decree of the lower court will be affirmed; appellant will pay the costs of this appeal; and the cause will be remanded to the chancery court at Greenville, for the purpose of executing the decree of that court for the sale of the land owned by Henry Cutshall, deceased.

Portrum and McAmis, JJ., concur.